# United States District Court

## Eastern District of California

UNITED STATES OF AMERICA

v.

**ANTHONY YIU LEUNG**

**JUDGMENT IN A CRIMINAL CASE**
(For Offenses Committed On or After November 1, 1987)
Case Number: **2:08CR00300 01**

**PHIL COZENS, ESQ.**
Defendant's Attorney

## THE DEFENDANT:

[✔] pleaded guilty to counts: <u>1, 2, AND 3 of the Information</u> .

**ACCORDINGLY**, the court has adjudicated that the defendant is guilty of the following offenses:

| Title & Section | Nature of Offense | Date Offense Concluded | Count Numbers |
|---|---|---|---|
| 18 USC 471 | MAKING A COUNTERFEIT OBLIGATION | 11/21/2007 | 1 |
| 18 USC 1029(a)(1) | ACCESS DEVICE FRAUD | 01/2008 | 2 |
| 18 USC 2252(a)(4)(B) | POSSESSION OF CHILD PORNOGRAPHY | 11/21/2007 | 3 |

The defendant is sentenced as provided in pages 2 through <u>8</u> of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

[✔]     Appeal rights waived.

IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.  If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

05/12/2009
Date of Imposition of Judgment

/s/ John A. Mendez
Signature of Judicial Officer

**HON. JOHN A. MENDEZ**, United States District Judge
Name & Title of Judicial Officer

05/15/2009
Date

CASE NUMBER:     2:08CR00300 01                                         Judgment - Page 2 of 8
DEFENDANT:        ANTHONY YIU LEUNG

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of _.

97 MONTHS AS TO COUNT 1, AND 96 MONTHS AS TO EACH OF COUNTS 2 AND 3, TO BE SERVED CONCURRENTLY, FOR A TOTAL TERM OF 97 MONTHS.

[✔]     The court makes the following recommendations to the Bureau of Prisons:
        The Court recommends that the defendant be incarcerated at the Terminal Island, California facility, but only insofar as this accords with security classification and space availability. The Court recommends the defendant participate in the 500-Hour Bureau of Prisons Substance Abuse Treatment Program.

[✔]     The defendant is remanded to the custody of the United States Marshal.

[ ]     The defendant shall surrender to the United States Marshal for this district.
        [ ] at ___ on ___.
        [ ] as notified by the United States Marshal.

[ ]     The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
        [ ] before _ on ___.
        [ ] as notified by the United States Marshal.
        [ ] as notified by the Probation or Pretrial Services Officer.
        If no such institution has been designated, to the United States Marshal for this district.

# RETURN

I have executed this judgment as follows:

_____

_____

_____

        Defendant delivered on_____ to _____

at _____ , with a certified copy of this judgment.

                                                        _____
                                                        UNITED STATES MARSHAL

                                                By  _____
                                                        Deputy U.S.  Marshal

CASE NUMBER:     2:08CR00300 01
DEFENDANT:       ANTHONY YIU LEUNG

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of _.
36 MONTHS AS TO EACH OF COUNTS 1 AND 2, AND 60 MONTHS AS TO COUNT 3, ALL TO BE SERVED CONCURRENTLY, FOR A TOTAL TERM OF 60 MONTHS.

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, not to exceed four (4) drug tests per month.

[ ]      The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

[✔]      The defendant shall not possess a firearm, destructive device, or any other dangerous weapon. (Check, if applicable.)

[✔]      The defendant shall submit to the collection of DNA as directed by the probation officer. (Check, if applicable.)

[X]      The defendant shall register and comply with the requirements in the federal and state sex offender registration agency in the jurisdiction of conviction, Eastern District of California, and in the state and in any jurisdiction where the defendant resides, is employed, or is a student. (Check, if applicable.)

[ ]      The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or a restitution obligation, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

# STANDARD CONDITIONS OF SUPERVISION

1)   the defendant shall not leave the judicial district without permission of the court or probation officer;
2)   the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3)   the defendant shall answer truthfully all inquiries by the probation officer and follow instructions of the probation officer;
4)   the defendant shall support his or her dependants and meet other family responsibilities;
5)   the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons;
6)   the defendant shall notify the probation officer ten days prior to any change in residence or employment;
7)   the defendant shall refrain from excessive use of alcohol;
8)   the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9)   the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10)  the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere, and shall permit confiscation of any contraband observed in plain view by the probation officer;
11)  the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12)  the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13)  as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

# SPECIAL CONDITIONS OF SUPERVISION

1. The defendant shall submit to the search of his person, property, house, residence, vehicle, papers, computer, other electronic communication or data storage devices or media, and effects at any time, with or without a warrant, by any law enforcement or probation officer in the lawful discharge of the officer's supervision functions with reasonable suspicion concerning unlawful conduct or a violation of a condition of probation or supervised release. Failure to submit to a search may be grounds for revocation. The defendant shall warn any other residents that the premises may be subject to searches pursuant to this condition.

2. The defendant shall provide the probation officer with access to any requested financial information.

3. The defendant shall not open additional lines of credit without the approval of the probation officer.

4. As directed by the probation officer, the defendant shall participate in an outpatient correctional treatment program to obtain assistance for drug or alcohol abuse.

5. As directed by the probation officer, the defendant shall participate in a program of testing (i.e. breath, urine, sweat patch, etc.) to determine if he has reverted to the use of drugs or alcohol.

6. As directed by the probation officer, the defendant shall participate in a program of outpatient mental health treatment.

7. As directed by the probation officer, the defendant shall participate in a co-payment plan for treatment or testing and shall make payment directly to the vendor under contract with the United States Probation Office of up to $25 per month.

8. The defendant shall not possess or use a computer or any device that has access to any "on-line computer service" unless approved by the probation officer. This includes any Internet service provider, bulletin board system, or any other public or private computer network.

9. The defendant shall have no contact with children under the age of 18 unless approved by the probation officer in advance. The defendant is not to loiter within 100 feet of school yards, parks, playgrounds, arcades, or other places primarily used by children under the age of 18. This shall include that the defendant is not to engage in any occupation, either paid or volunteer, which exposes him directly or indirectly with children under the age of 18. This condition does not preclude him from having contact with his own children.

10. The defendant shall consent to the probation officer and/or probation service representative conducting periodic unannounced examinations of (a) any computer, or (b) computer-related device, or (c) equipment that has an internal or external modem which is in the possession or control of the defendant. The defendant consents to retrieval and copying of all data from any such computer, computer-related device, or equipment as well as any internal or external peripherals to ensure compliance with conditions. The defendant consents to removal of such computer, computer-related device, and equipment for purposes of conducting a more thorough

inspection; and analysis.

The defendant consents to having installed on any computer, computer-related device, and equipment, at the defendant's expense, any hardware or software systems to monitor the use of such computer, computer-related device, and equipment at the direction of the probation officer, and agrees not to tamper with such hardware or software and not install or use any software programs designed to hide, alter, or delete his/her computer activities. The defendant consents to not installing new hardware without the prior approval of the probation officer.

11. The defendant shall not possess, own, use, view, read, or frequent places with material depicting and/or describing sexually explicit conduct, including computer images, pictures, photographs, books, writings, drawings, videos, or video games. "Sexually explicit conduct" as defined in 18 USC 2256(2) means actual or simulated (a) sexual intercourse, including genital-genital, oral-genital, or oral-anal, whether between the same or opposite sex; (b) bestiality; (c) masturbation; (d) sadistic or masochistic abuse; or (e) lascivious exhibition of the genitals or pubic area of any person.

12. The defendant shall provide all requested business/personal phone records to the probation officer. The defendant shall disclose to the probation officer any existing contracts with telephone line/cable service providers. The defendant shall provide the probation officer with written authorization to request a record of all outgoing or incoming phone calls from any service provider.

13. The defendant shall consent to third-party disclosure to any employer or potential employer, concerning any computer-related restrictions that are imposed upon him/her. This includes any activities in which you are acting as a technician, advisor, or consultant with or without any monetary gain or other compensation.

14. The defendant shall attend, cooperate with, and actively participate in a sex offender treatment and therapy program [which may include, but is not limited to, risk assessment, polygraph examination, computer voice stress analysis (CVSA), and/or ABEL assessment] as approved and directed by the probation officer and as recommended by the assigned treatment provider.

15. The defendant's residence shall be pre-approved by the probation officer. The defendant shall not reside in direct view of places such as school yards, parks, public swimming pools, or recreational centers, playgrounds, youth centers, video arcade facilities, or other places primarily used by children under the age of 18.

16. The defendant shall register, as required in the jurisdiction in which he resides, as a sex offender.

CASE NUMBER:    2:08CR00300 01               
DEFENDANT:    ANTHONY YIU LEUNG

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the Schedule of Payments on Sheet 6.

| | Assessment | Fine | Restitution |
|---|---|---|---|
| Totals: | $ 300 | $ | $ 136,531.74 |

[]    The determination of restitution is deferred until __ . An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

[]    The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payees | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| | Washington Mutual Bank<br>168 Morgan Way<br>Mt. Shasta, California 96097<br>Contact: Ashley Ebejer<br>(530) 926-8912<br>$100.00 | Wells Fargo Bank<br>3220 Arena Boulevard<br>Sacramento, California 95834<br>Contact: Sukhpreet<br>(916) 928-2640<br>$100.00 | |
| | Bullfrog Beauty Supply<br>4335 Elkhorn Boulevard<br>Sacramento, California 95842<br>Contact: Russell Mullnix<br>(916) 332-5223 -<br>$100.00 | James Walter and Associates, Ltd.<br>3540 Secor, Suite 205<br>Toledo, Ohio 43606<br>(419) 537-8679<br>$100.00 | |
| | Ever Fortune Trading Company<br>AC Box 349<br>Alhambra, California 91802<br>(626) 823-7000 -<br>$100.00 | Wal-Mart<br>7901 Watt Avenue<br>Antelope, California 95843<br>$100.00 | |
| | Safeway, Inc.<br>2220 Sunset<br>Rocklin, California 95765 -<br>$100.00 | Wal-Mart<br>1400 Lead Hill Boulevard<br>Roseville, California 95661<br>$100.00 | |
| | Raley's, Inc.<br>166 Placerville Drive<br>Placerville, California 95667<br>$100.00 | Wal-Mart, Inc.<br>Corporate Office<br>702 SW 8th Street<br>Bentonville, AR 72716-0125<br>Attn: Edward Henkel | |
| TOTALS: | $ 136,531.74 | $136,531.74 | |

** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

CASE NUMBER:     2:08CR00300 01                                    Judgment - Page 7  of  8
DEFENDANT:       ANTHONY YIU LEUNG

[]      Restitution amount ordered pursuant to plea agreement $ ___

[ ]     The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full
        before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f).  All of the payment options on Sheet
        6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

[✔]     The court determined that the defendant does not have the ability to pay interest and it is ordered that:

        [✔]  The interest requirement is waived for the      [ ] fine        [✔] restitution

        [ ]  The interest requirement for the          [ ] fine  [ ] restitution is modified as follows:

[ ]     If incarcerated, payment of the fine is due during imprisonment at the rate of not less than $25 per quarter
        and payment shall be through the Bureau of Prisons Inmate Financial Responsibility Program.

[ ]     If incarcerated, payment of restitution is due during imprisonment at the rate of not less than $25 per quarter
        and payment shall be through the Bureau of Prisons Inmate Financial Responsibility Program.

** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses
committed on or after September 13, 1994, but before April 23, 1996.

CASE NUMBER:     2:08CR00300 01
DEFENDANT:       ANTHONY YIU LEUNG

# SCHEDULE OF PAYMENTS

Payment of the total fine and other criminal monetary penalties shall be due as follows:

**A**   [ ] Lump sum payment of $ __ due immediately, balance due

    [ ]       not later than __ , or
    [ ]       in accordance with       [ ] C,    [ ] D,    [ ] E, or           [ ] F below; or

**B**   [✔]       Payment to begin immediately (may be combined with    [ ] C,    [ ] D, or [ ] F below); or

**C**   [ ] Payment in equal __ (e.g., weekly, monthly, quarterly) installments of $ __ over a period of __ (e.g., months or years), to commence __ (e.g., 30 or 60 days) after the date of this judgment; or

**D**   [ ] Payment in equal __ (e.g., weekly, monthly, quarterly) installments of $ __ over a period of __ (e.g., months or years), to commence __ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

**E**   [ ] Payment during the term of supervised release will commence within ___ (e.g., 30 or 60 days) after release from imprisonment.  The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F**   [ ] Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

[ ]   Joint and Several

Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate:

[ ]   The defendant shall pay the cost of prosecution.

[ ]   The defendant shall pay the following court cost(s):

[ x]   The defendant shall forfeit the defendant's interest in the following property to the United States: